I respectfully concur: I agree with my colleagues that our views stated in Haraguchi v. SuperiorCourt (2006) 143 Cal.App.4th 846) "apply here as well." (Maj. opn., ante, at p. 868.) I write separately to stress that these views apply irrespective of whether this is a death penalty case. What is "over-arching" here is not the "penalty sought," but the patent conflict that requires recusal whatever the criminal charge. (Ibid.)
 I am mindful that our Supreme Court has echoed United States Supreme Court and federal decisions emphasizing the necessity "to protect more carefully the rights of a defendant who is charged with a capital crime. [Citations.]" (Keenan v. Superior Court (1982) 31 Cal.3d 424,430-431 [180 Cal.Rptr. 489, 640 P.2d 108], italics added.) I also acknowledge that there may be cases in which legal principles apply differently because of the idiosyncratic nature of the case. (See In re Joseph G. (1983)34 Cal.3d 429 [194 Cal.Rptr. 163, 667 P.2d 1176].) But this is not one of them. I hope it is not naïve to suggest that a case in which a defendant is charged with a low level misdemeanor should receive as careful attention and scrutiny as the defendant charged with a serious felony or one facing the death penalty. For example, reasonable doubt is not a flexible standard calibrated according to the nature of the case.
 However appalling the crime for which defendant was charged, he, like anyone charged with a criminal offense, is entitled to a fair trial with all its attendant constitutional and statutory safeguards. This includes not having to face a prosecutor who has a conflict making it unlikely that the defendant will receive fair treatment "`during all portions'" of his trial. (People v.Eubanks (1996) 14 Cal.4th 580, 592 [59 Cal.Rptr.2d 200, 927 P.2d 310].) The mere recital of the undisputed facts in the majority opinion leads to the ineluctable conclusion that the conflict here is so egregious that the defendant's right to a fair trial is severely compromised. Moreover, the prosecutor's alliance with a third party to whom he divulged his detailed work product and other documents in violation of the law, will so taint the trial that his recusal is mandated.
 At oral argument the Attorney General stressed the sincerity and noble purpose of the prosecutor. I do not dispute or question the prosecutor's *Page 872 integrity, ability or commitment. His well-intentioned motives are beside the point. It is the consequences of his actions that prompt our decision. His actions allowed "show business" to cast an unseemly shadow over this case. The prosecution of criminal cases and entertainment enterprises is best kept separate. *Page 873